J-S08015-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : IN THE SUPERIOR COURT OF |
| | : PENNSYLVANIA |
| Appellee | : |
| | : |
| v. | : |
| | : |
| NICHOLAS EDWARDS, | : |
| | : |
| Appellant | : No. 1508 EDA 2014 |

Appeal from the PCRA Order April 23, 2014,
Court of Common Pleas, Philadelphia County,
Criminal Division at No. CP-51-CR-1006311-2003

BEFORE: DONOHUE, WECHT and JENKINS, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED MARCH 02, 2015**

Nicholas Edwards ("Edwards") appeals from the April 23, 2014 order entered by the Philadelphia County Court of Common Pleas denying his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA"). We affirm.

On November 21, 2005, a jury convicted Edwards of first-degree murder, criminal conspiracy, carrying a firearm without a license, and possessing an instrument of crime for the shooting death of Xavier Edmonds.[1] On February 3, 2006, the trial court sentenced Edwards to life in prison without the possibility of parole. The trial court reinstated his direct appeal rights nunc pro tunc on April 9, 2008, following which Edwards filed a direct appeal to this Court. We affirmed his judgment of sentence in an

---

[1] 18 Pa.C.S.A. §§ 2502, 903, 6106, 907(b).

unpublished Memorandum on July 28, 2009. The Pennsylvania Supreme Court denied his request for allowance of appeal on February 5, 2010.

On June 28, 2010, Edwards filed a timely PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition on Edwards' behalf. After three days of evidentiary hearings on the petition, the PCRA court entered an order denying relief on April 23, 2014. Edwards filed a timely notice of appeal and complied with the PCRA court's order for the filing of a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court filed a responsive opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Edwards raises two issues for our review:

I. Whether the PCRA [c]ourt erred in denying [Edwards] post-conviction relief because trial counsel was ineffective for failing to call alibi witnesses Raheem Sloan and Dennis Edwards to testify at trial[?]

II. Whether the PCRA [c]ourt erred in denying [Edwards] post-conviction relief because counsel was ineffective for not moving for dismissal of [Edwards'] charges pursuant to Rule 600 of the Pennsylvania Rules of Criminal Procedure[?]

Edwards' Brief at 3.

We review a PCRA court's decision to determine whether it is supported by the record and to ensure it is free of legal error. **Commonwealth v. Hackett**, 99 A.3d 11, 50 (Pa. 2014). "We cannot disturb the factual findings of the PCRA court, which hears evidence and

- 2 -

passes on the credibility of witnesses, if they are supported by the record, even where the record could support contrary findings." *Id.* (citation omitted). Our scope of review is limited to the PCRA court's findings and the evidence presented at the PCRA hearing, which we view in the light most favorable to the prevailing party. *Id.* at 50-51.

Both of the issues Edwards raises on appeal allege that trial counsel was ineffective. In deciding these issues, we begin with the presumption that counsel rendered effective assistance. *Commonwealth v. Bomar*, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." *Id.* (citation omitted). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. *Id.* Additionally, to prevail on a claim that trial counsel was ineffective for failing to call a witness to testify, the defendant must establish: "(1) the witness existed; (2) counsel was either aware of or should have been aware of the witness'[] existence; (3) the witness was willing and able to cooperate on behalf of the defendant; and (4) the proposed testimony was necessary to avoid prejudice to the defendant." *Commonwealth v. Tharp*, 101 A.3d 736, 757 (Pa. 2014).

In his brief on appeal, Edwards raises several arguments in support of a finding that trial counsel's performance was deficient, the majority of which are not properly before us on appeal, as Edwards failed to raise them in his PCRA petition or in his statement of questions involved section of his appellate brief.[2] *See Commonwealth v. Rainey*, 928 A.2d 215, 226 (Pa. 2007) (stating that issues not raised in a PCRA petition are waived and cannot be raised for the first time on appeal); Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). Edwards preserved two issues for our review alleging trial counsel's ineffectiveness – (1) counsel's failure to call Raheem Sloan and Dennis Edwards as alibi witnesses and (2) counsel's failure to file a motion to dismiss Edwards' charges pursuant to Pa.R.Crim.P. 600.

Beginning with his first argument, Edwards asserts that he satisfied his burden of proving that trial counsel was ineffective for failing to call Raheem Sloan and Dennis Edwards at trial as he proved that (1) the witnesses existed; (2) Edwards provided counsel with the witnesses' names, addresses, and dates of birth; (3) both witnesses were available and willing

_____

[2] In addition to the issues raised and preserved in his PCRA petition, Edwards includes arguments on appeal regarding trial counsel's failure to adequately prepare for trial; meet with Edwards enough to discuss his case; personally interview potential witnesses, leaving it to his non-lawyer assistant to do so; and review with Edwards a video of a family picnic, which was his alibi. *See* Edwards' Brief at 31-44.

to testify at trial; and (4) the absence of their testimony prejudiced Edwards. Edwards' Brief at 43. The PCRA court disagreed based upon, inter alia, its credibility determination in favor of trial counsel, crediting trial counsel's testimony that he was never told about Raheem Sloan or Dennis Edwards. Trial Court Opinion, 6/11/14, at 7-8.

Our review of the record reflects that although Edwards testified at his PCRA hearing that on March 10, 2004, he sent trial counsel a list of thirteen potential witnesses, which list included Raheem Sloan and Dennis Edwards, trial counsel testified that he had no record of ever receiving that list and did not recall seeing it before. N.T., 9/23/13, at 31-32. Trial counsel testified that he would have kept this type of correspondence in a client's file. *Id.* at 30-31. Prison records indicate that trial counsel visited Edwards on October 10, 2004. *Id.* at 14. On October 11, 2004, trial counsel wrote a letter to the trial court requesting a continuance because he had recently received information from Edwards regarding a potential alibi. *Id.* at 16. His law clerk handwrote notes of contacts he made with potential alibi witnesses, Joanne Lightly and Annette Edwards, which occurred beginning on October 26, 2004. *Id.* at 18-20. Trial counsel did not have an independent recollection of the meetings he had with Edwards in preparation for trial or the pretrial witness interviews. *See id.* at 23, 24, 44, 50-51. Nonetheless, based upon his regular manner of practice, the records of the dates he visited Edwards in prison, the date of his continuance request, and the date

his law clerk initiated contact with the other potential alibi witnesses Edwards provided to trial counsel, trial counsel testified that he did not receive any information from Edwards concerning potential alibi witnesses until just before October 11, 2004. *Id.* at 53. Had he received information regarding potential alibi witnesses earlier, he testified that he would have acted upon that information earlier. *Id.* at 53. Trial counsel further relied upon his statement in his October 11, 2004 letter to the trial court requesting a continuance because of the newly provided alibi evidence, stating that he would not have lied to the trial court judge. *Id.* at 37-38.

The record supports the trial court's credibility determination and finding that trial counsel was never informed that Raheem Sloan or Dennis Edwards were potential alibi witnesses. Where the record supports the PCRA court's credibility determinations, we are bound thereby. *Commonwealth v. Spotz*, 47 A.3d 63, 75 (Pa. 2012). As such, Edwards' claim of ineffectiveness for failing to call these witnesses at trial fails.

Next, Edwards asserts that he was due relief on his claim of trial counsel's ineffectiveness for failing to move for the dismissal of his charges based on a violation of Pa.R.Crim.P. 600. The version of Rule 600 that was in place at the time of Edwards' trial stated,[3] in relevant part:

> [(A)](3) Trial in a court case in which a written
> complaint is filed against the defendant, when the

---

[3] A new version of Rule 600 was adopted October 1, 2012, and became effective on July 1, 2013.

defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

\* \* \*

(C) In determining the period for commencement of trial, there shall be excluded therefrom:

(1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his or her whereabouts were unknown and could not be determined by due diligence;

(2) any period of time for which the defendant expressly waives Rule 600;

(3) such period of delay at any stage of the proceedings as results from:

(a) the unavailability of the defendant or the defendant's attorney;

(b) any continuance granted at the request of the defendant or the defendant's attorney.

\* \* \*

(G) For defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated. A copy of such motion shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon.

If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, the

motion to dismiss shall be denied and the case shall be listed for trial on a date certain. If, on any successive listing of the case, the Commonwealth is not prepared to proceed to trial on the date fixed, the court shall determine whether the Commonwealth exercised due diligence in attempting to be prepared to proceed to trial. If, at any time, it is determined that the Commonwealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant.

Pa.R.Crim.P. 600(A)(3), (C), (G) (rescinded October 1, 2012, effective July 1, 2013).

[T]he courts of this Commonwealth employ three steps – corresponding to Rules 600(A), (C), and (G) – in determining whether Rule 600 requires dismissal of charges against a defendant. First, Rule 600(A) provides the mechanical run date. Second, we determine whether any excludable time exists pursuant to Rule 600(C). We add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date.

If the trial takes place after the adjusted run date, we apply the due diligence analysis set forth in Rule 600(G). As we have explained, Rule 600(G) encompasses a wide variety of circumstances under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence. Any such period of delay results in an extension of the run date. Addition of any Rule 600(G) extensions to the adjusted run date produces the final Rule 600 run date. If the Commonwealth does not bring the defendant to trial on or before the final run date, the trial court must dismiss the charges.

**Commonwealth v. Ramos**, 936 A.2d 1097, 1103 (Pa. Super. 2007)

(internal citations and footnote omitted).

The PCRA court provided a timeline of the defense-requested continuances leading up to Edwards' trial and concluded that there was no Rule 600 violation:

> In this case, petitioner was arrested on August 9, 2003. Thus, the mechanical run date under Rule 600 was August 9, 2004. Petitioner was arraigned on October 29, 2003, and his case was continued to December 4, 2003. It was then continued to January 7, 2004, for new counsel and further pre-trial proceedings. The time between December 4, 2003 and January 7, 2004, a period of 34 days, was ruled excludable. On January 16, 2004, defense counsel was unavailable, and the case was continued until March 18, 2004. On that date, the defense requested a continuance. The case was continued until April 14, 2004. These continuances involved an additional 89 days of excludable time under Rule 600. Later, on October 12, 2004, there was a defense request for a continuance – a continuance necessitated by the need to investigate alleged alibi witnesses, whose identity had just been disclosed to counsel by petitioner. The case was then rescheduled until April 5, 2005 – a period of 175 excludable days. On April 7, 2005, the defense requested another continuance due to a personal medical emergency. The case was then continued until November 7, 2005, the earliest possible date consistent with the court's and counsel's schedule. These continuances resulted in 214 additional days of excludable time.

PCRA Court Opinion, 6/11/14, at 9-10. Adding the 512 excludable days to the mechanical run date, the PCRA court found that no violation of Rule 600 occurred.[4]

---

[4] The PCRA court found the adjusted run date was "May of 2006." PCRA Court Opinion, 6/11/14, at 10. Our calculations reveal that by adding 512

- 9 -

Our review of the record reveals that although all of the continuances referenced by the PCRA court appear on the trial docket, few include notations as to who requested the continuance. **See** Criminal Docket at 1, 5-9. The record only contains one written motion for continuance – the request made by trial counsel on October 11, 2004, which resulted in a continuance until April 5, 2005. **See** PCRA Exhibit P5; Criminal Docket at 7. The docket otherwise only specifically states that the continuances from December 4, 2003 to January 7, 2004 and April 11, 2005 to October 26, 2005 were attributable to the defense. **See** Criminal Docket at 5-9.

In arguing this issue on appeal, Edwards states only that April 11, 2005 through November 9, 2005 were excludable for Rule 600 purposes. Edwards' Brief at 48. He makes no argument in support or against the other dates identified by the PCRA court as excludable for Rule 600 purposes, nor does he recognize dates that are clearly excludable as reflected in the criminal docket and in trial counsel's continuance letter, the latter of which Edwards introduced into evidence at the PCRA hearing. **See** N.T., 7/12/13, at 16-17.

The record before this Court on appeal is insufficient to permit us to determine whether there is any merit to the question of whether counsel was ineffective for failing to file a motion to dismiss the charges pursuant to

---

days of excludable time to the mechanical run date of August 9, 2004, the adjusted run date would be January 3, 2006.

Rule 600. The law is clear: "[I]t is Appellant's responsibility to supply this Court with a complete record for purposes of review. A failure by Appellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes waiver of the issue sought to be examined." ***Commonwealth v. Martz***, 926 A.2d 514, 524-25 (Pa. Super. 2007) (internal citations omitted). We are therefore constrained to find this issue waived.

Moreover, even if not waived, Edwards would not be entitled to relief because he failed to present any argument in support of the other two prongs of the test for ineffective assistance of counsel. ***See Bomar***, 104 A.3d at 1188. This failure is also fatal to his claim. ***See id.***

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/2/2015